UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 20-4167-MWF (MAAx)          Date: July 7, 2020
Title:    Gordon Wangers et al. v. AIG Property Casualty Company et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                        Court Reporter:
Rita Sanchez                         Not Reported

Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
None Present                           None Present

**Proceedings (In Chambers):**    ORDER RE MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT [12]

Before the Court is Plaintiffs Gordon Wangers and Jennifer Schwab's Motion to Remand (the "Motion"), filed on June 8, 2020. (Docket No. 12). Defendant AIG Property Casualty Company ("AIG") filed an Opposition on June 15, 2020. (Docket No. 14). Plaintiffs filed their Reply on June 22, 2020. (Docket No. 16).

The Court has read and considered the papers filed in connection with the Motion and held a telephonic hearing on July 6, 2020, pursuant to the Court's Continuity of Operations Plan arising from the COVID-19 pandemic.

For the reasons discussed below, the Motion is **GRANTED**. The Court is not convinced that the doctrine of fraudulent misjoinder is good law in this Circuit. Relatedly, the Court determines that it should be the Superior Court, not this Court, which decides whether the Glass Defendants' joinder in this action is proper.

I. **BACKGROUND**

On April 2, 2020, Plaintiffs commenced this action in the Los Angeles County Superior Court. (*See* Notice of Removal ("NoR"), Ex. B, Complaint (Docket No. 1-2)). Plaintiffs are residents of Los Angeles County, California. (*Id.* ¶ 1). AIG is a Pennsylvania corporation with its principal place of business in New York. (NoR ¶ 5). Defendants Fleetwood Aluminum Products Inc. d/b/a/ Fleetwood Windows & Doors and Amylaur Distributions Inc. d/b/a One Stop Windows & Doors (collectively the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-4167-MWF (MAAx)      Date: July 7, 2020
Title:     Gordon Wangers et al. v. AIG Property Casualty Company et al.

"Glass Defendants") are both California corporations. (Complaint ¶ 2(d); NoR ¶ 5(b)).

The Complaint alleges as follows:

AIG entered into insurance contracts with Plaintiffs regarding certain risks for losses at Plaintiffs' residential home (the "Property"). (Complaint ¶¶ 1, 12). From approximately November 8, 2018 through November 21, 2018, severe wildfires known as the "Woolsey Fire" caused Plaintiffs losses, including but not limited to damage/destruction of the Property, loss of use of the Property, and pending repairs of the Property. (*Id*. ¶ 13).

In addition, in November of 2016, Plaintiffs purchased doors and windows from the Glass Defendants, which were negligently and/or recklessly installed. (*Id*. ¶ 14). Plaintiffs did not discover the reckless or negligent installation until early 2019, when severe rainstorms (the "Rainstorms") caused water infiltration, necessitating replacing and/or repairing the faulty doors and windows. (*Id*.).

Plaintiffs timely submitted claims to AIG with respect to the Woolsey Fire and the Rainstorms, providing AIG "all reasonably and readily available information and documents reasonably necessary for, and requested by [AIG] to evaluate the claims and disburse prompt payments owed to Plaintiffs." (*Id*. ¶ 15). Despite this, AIG, in bad faith, denied coverage, and/or paid for only some of the claims, and/or delayed payment of claims, unreasonably and/or without proper cause. (*Id*. ¶ 16). As a result of AIG's actions, Plaintiffs suffered damages, and seek punitive damages. (*Id*. ¶¶ 17-18).

Based on the above allegations, Plaintiffs assert three claims for relief:
(1) breach of contract against AIG; (2) breach of implied covenant of good faith and fair dealing against AIG; and (3) negligence with respect to the Glass Defendants. (*Id*. ¶¶ 19–34).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4167-MWF (MAAx)           Date:  July 7, 2020
Title:     Gordon Wangers et al. v. AIG Property Casualty Company et al.

On May 7, 2020, AIG timely removed the action, invoking the Court's diversity jurisdiction and asserting that the Glass Defendants was fraudulently joined and/or fraudulently misjoined.  (*See generally* NoR).

## II.   MEET AND CONFER

As an initial matter, AIG argues that the Motion should be denied because the Local Rule 7-3 meet and confer was deficient in two respects:  (1) it occurred during the parties' Rule 26 conference and did not touch on the merits of the Motion; and (2) it occurred four days before filing the Motion, as opposed to the required seven. (Opposition at 12-15).  In response, Plaintiffs argue that any deficiencies in the meet and confer process did not prejudice AIG, as the basis for AIG's removal and Plaintiffs' Motion were clear.  (Reply at 4-5).  Plaintiffs also offered to stipulate to continue the hearing on the Motion (or to stipulate to a remand) to alleviate any prejudice felt by AIG.  (*Id.*).

While the Court has some sympathy for AIG's argument, the Court will consider the merits of the Motion because Plaintiffs' failure to comply with the Local Rule does not appear to have prejudiced AIG in any meaningful way.  Clearly, the adjudication of this Motion turns on whether the citizenship of the Glass Defendants should be considered in the Court's jurisdictional analysis, which was highlighted by AIG when it removed this action.  Additionally, Plaintiffs did communicate their intent to move to remand four days prior to filing the Motion.

Accordingly, the Court will adjudicate this Motion on the merits.

## III.  DISCUSSION

Plaintiffs argue that the action should be remanded because the Glass Defendants are not sham defendants and were properly joined.  (*See generally* Motion).  Specifically, Plaintiffs argue that (i) the Glass Defendants are proper, despite AIG's contention that Plaintiffs never submitted a claim with respect to the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4167-MWF (MAAx)                    Date:  July 7, 2020
Title:     Gordon Wangers et al. v. AIG Property Casualty Company et al.

Rainstorms; and (ii) the claims with respect to the Rainstorms and Woolsey Fire are intertwined because some of the damages are interrelated.  (*Id*. at 7-10).

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court." *Ansley v. Ameriquest Mort. Co.,* 340 F.3d 858, 861 (9th Cir. 2003).  Federal question jurisdiction is not asserted.  The issues, then, are whether there is complete diversity and whether the amount in controversy has been met.

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Servs. – Shasta, LLC v. Sierra Pacific Indus.*, No. 15-CV-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. U.S.*, 850 F.2d 558 (9th Cir. 1988)).  While, in the context of a motion to remand due to lack of diversity jurisdiction, it is "well established that courts may pierce the pleadings . . . and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. The Boeing Co.*, No. 15-CV-2846-SVW (ASx), 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

### A.     **Fraudulent Joinder**

First, the parties dispute whether the Glass Defendants are sham defendants.  If not, Plaintiffs argue that complete diversity does not exist and this action should be remanded.  An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-4167-MWF (MAAx) | Date:  July 7, 2020 |
| Title:    Gordon Wangers et al. v. AIG Property Casualty Company et al. | |

action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

Because a defendant faces a heavy burden in establishing that remand is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)).  "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Plaintiffs argue that "there is, at a minimum, the possibility that [the] Glass Defendants could be found liable for negligence for negligently installing the doors and windows that caused the water damage."  (Reply at 3).  AIG does not appear to dispute this contention, instead arguing that the Glass Defendants were not properly joined to ***this specific action*** because Plaintiffs have no claim against AIG with respect to damages caused by the Rainstorms.  (Opposition at 6-12).  Accordingly, the Court determines that the Glass Defendants are not "sham defendants" in the sense that there is a possibility Plaintiffs can assert a claim against the Glass Defendants for negligence in connection with their installation of the doors and windows at the Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 20-4167-MWF (MAAx)          Date:  July 7, 2020
Title:    Gordon Wangers et al. v. AIG Property Casualty Company et al.

### B.     Fraudulent Misjoinder

The thrust of AIG's argument is that the Glass Defendants should not have been joined in this action, because (1) despite Plaintiffs' allegations to the contrary, Plaintiffs never tendered AIG a claim with respect to the Rainstorms; and (2) regardless, the claims with respect to the Rainstorms "involve unique factual and legal issues that are distinct from the insurance claims relating to the Woolsey" Fire. (Opposition at 12).

The Court determines that the doctrine of fraudulent misjoinder does not justify denying the Motion. The Ninth Circuit has never recognized the doctrine of fraudulent misjoinder. *See, e.g.*, *Thee Sombrero, Inc. v. Murphy*, No. EDCV-15-1004-VAP (SPx), 2015 WL 4399631, at *3 (C.D. Cal. July 17, 2015) ("The Ninth Circuit does not recognize the doctrine of fraudulent misjoinder."); *Jurin v. Transamerica Life Ins. Co.*, 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014) ("The Ninth Circuit has not adopted, approved, nor applied, the theory of fraudulent misjoinder."). However, the Eleventh Circuit applied the doctrine when the "alleged transactions involved" for one class of parties were "wholly distinct from the alleged transactions involved" in the other class, and accordingly the "attempt to join the unrelated parties was so egregious as to constitute fraudulent joinder." *Thee Sombrero*, 2015 WL 4399631, at *3 (citing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.* 204 F.3d 1069 (11th Cir. 2000)).

The Court is not convinced that the doctrine of fraudulent misjoinder is good law in this Circuit. Indeed, AIG has failed to cite a single case from this District applying the doctrine of fraudulent misjoinder to justify the denial of a remand motion, and numerous courts in this Circuit have declined to apply the fraudulent misjoinder doctrine. *See, e.g.*, *Gleicher v. Hartford Underwriters Ins. Co.*, No. CV-17-773-FMO (GJSx), 2017 WL 1370689, at *3 (C.D. Cal. Apr. 10, 2017) ("Consistent with the overwhelming rejection of the procedural misjoinder doctrine in this District, this court also declines to adopt it."); *Thee Sombrero*, 2015 WL 4399631, at *3 ("Not only has the Ninth Circuit declined to adopt the doctrine of fraudulent misjoinder, no court in the Central District of California that this Court is aware of has adopted it, and 'district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-4167-MWF (MAAx)**  **Date:  July 7, 2020**
**Title:**    Gordon Wangers et al. v. AIG Property Casualty Company et al.

courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine.'") (quoting *Jurin*, 2014 WL 4364901, at *3); *Tasch v. Ford Motor Co.*, No. CV 18-380-R, 2018 WL 3956493, at *2 (C.D. Cal. Aug. 16, 2018) ("The Court will not consider Defendants' fraudulent misjoinder argument.").

At the hearing, AIG argued that a few courts outside this District, but within the Ninth Circuit, have applied the doctrine of fraudulent misjoinder.  Be that as it may, the Court is still wary of the validity of the doctrine in this Circuit, and agrees with the more recent Central District decisions that have declined to apply the doctrine.

*Second*, even if the doctrine of fraudulent misjoinder was good law in this Circuit, the Superior Court must decide whether the inclusion of the Glass Defendants in this action is proper.  Plaintiffs' claims against AIG generally concern an alleged failure to provide insurance benefits with respect to two distinct events:  (1) the Woolsey Fire and (2) the Rainstorms.  In an attempt to distance AIG's actions from the Glass Defendants, AIG argues that the "[u]ndisputed evidence establishes that the Rainstorms claims were never submitted to, considered by, or denied by AIG." (Opposition at 10) (citing Declaration of Kathleen M. Spinella ("Spinella Declaration") ¶ 15 (Docket No. 14-2)).  Because "[t]here are no outstanding issues (and never were any issues with AIG []) relating to the windows and doors or any resulting water damage," AIG argues that Plaintiffs' claims against AIG and Glass Defendants are not sufficiently intertwined such that Glass Defendants are properly joined in this action. (Opposition at 10) (citing Spinella Declaration ¶¶ 12, 15).

At the hearing, counsel for AIG vigorously and clearly argued why the misjoinder had been demonstrated to a summary-judgment standard, and pursuant to both federal and California law.  But if one applies the standard for fraudulent joinder, that is not enough.  In many cases in which fraudulent joinder is denied, it is quite doubtful that a claim against the non-diverse defendant will be successful.  It is sufficient if a complaint could potentially be amended to state a claim.  By that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-4167-MWF (MAAx)          Date: July 7, 2020

Title:     Gordon Wangers et al. v. AIG Property Casualty Company et al.

standard, there is a possibility that joinder is proper. Indeed, joinder might be proper even under a more forgiving standard.

The Complaint specifically alleges that Plaintiffs "timely submitted claims . . . for the losses resulting from the . . . Rainstorm." (Complaint ¶ 15). It is unclear whether the Court can "pierce the complaint" in the context of a fraudulent misjoinder analysis, as opposed to the traditional fraudulent joinder analysis. *See, e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("[F]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."). Moreover, Plaintiff did offer certain other ways in which the two sets of allegations overlap, including damages.

Therefore, whether Plaintiffs actually tendered a claim to AIG regarding the Rainstorms – and if not, whether the joinder of the Glass Defendants in action against AIG only relating to the Woolsey Fire is proper – is for the Superior Court to decide on remand. *See, e.g.*, *Goodwin v. Kojian*, No. SACV 13-325-JST JPRX, 2013 WL 1528966, at *5 (C.D. Cal. Apr. 12, 2013) ("[T]he better and most efficient course of action would have been for Defendant to seek relief from the alleged misjoinder in state court, and then, if that court severed the case and diversity then existed, [Defendant] could seek removal of the cause to federal court.").

## IV. CONCLUSION

The Motion is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.